(75 Misc. Rep. 53.)

.In re PRIER'S WILL.

(Surrogate's Court, Richmond County. December, 1911.)

WILLS (§ 601*)—CONSTRUCTION—NATURE OF ESTATE.

    Testator gave shares of his estate to his wife and to each of his three children. In a later clause he gave his wife the share of a daughter confined in an asylum for the insane, in trust to use the income for her support as long as the daughter remain insane, the principal to be paid over to her on her recovery. *Held* not to cut down the original gift to the daughter, but only to provide for its care while she is insane, and on her death her share will pass to her heirs and next of kin.

    [Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1340–1350, 1608; Dec. Dig. § 601.*]

In the matter of the probate of the will of George H. Prier. Decree rendered construing the will.

Lynott B. Root, special guardian, for incompetent.

RAWSON, S. The probate of this will is not contested; but I am asked, in the petition for such probate, to construe the sixth clause of the will of the testator. The will in question, after several specific provisions by the fifth clause thereof, primarily gives all the rest, residue, and remainder of the testator's estate in equal shares to his wife, Adaline, and his three children, Bertha L. Durbur, Antoinette Elbrecht, and Emilie B. Nolan, equally, share and share alike. It appeared upon the application for probate that the said Bertha L. Durbur, although not judicially declared insane, was nevertheless in confinement in an asylum for the insane, and had been in such confinement for a considerable time. The sixth clause of the will is in these words:

"I give, devise and bequeath to my wife, Adaline Pier, Bertha L. Durbur share heretofore spoken of in trust nevertheless to use the income rents and profits thereof for the maintenance of my daughter Bertha Durbur as she may see proper as long as she shall be and remain insane, and the principal of such share and any accrued interest or profits thereof to be paid over to her as soon as she shall be restored to sanity."

Bertha L. Durbur is a married woman, having several children living. The question to be determined is whether the share of Bertha L. Durbur is vested in her, or whether the testator died intestate with regard to that share in case Bertha L. Durbur shall die before recovering from her affliction. The will is but another evidence of the well-known saying that "no will has a brother"; but, applying well known principles of construction, and the rule that the intention of the testator is to govern in all cases where such intention can be spelled out, I am of the opinion that the testator did not die intestate with regard to the share of the said Bertha L. Durbur. The gift by the fifth clause to her is absolute. It was not intended by the testator to cut down that gift, but only to provide for the care and custody thereof so long as his daughter should remain insane. If, at any time, she should recover, she would become entitled to receive her share of the estate. If, on the contrary, she should not recover, such share would nevertheless be vested in her, and would pass to whosoever might be her heirs

or next of kin, as the case might be, upon her death. The citation of authorities to sustain these views would be of no avail, for, unless an authority is exactly in point, and I know of no such authority, it does not tend to uphold the reasoning; while, on the other hand, the application of ordinary common sense in cases of the kind is sufficient in itself.

Let a decree be entered construing the will accordingly.